## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRUCE BREITWEISER, et al | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CV-15-01239-HE |
| | ) | |
| CHESAPEAKE ENERGY | ) | |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION TO STAY AND BRIEF IN SUPPORT THEREOF

Plaintiffs in the above-captioned actions, and Defendants Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., and Chesapeake Energy Marketing, Inc. (collectively, the "Chesapeake Defendants," and with Plaintiffs, the "Parties") hereby move this Court to stay the following cases pending resolution of the Pennsylvania Attorney General's purported *parens patriae* action: *Boyer, et al. v. Chesapeake Energy Corporation, et al.*, No. 5:15-cv-01017-HE; *Seymour, et al. v. Chesapeake Energy Corporation, et al.*, No. 5:15-cv-01242-HE; *Breitweiser, et al. v. Chesapeake Energy Corporation, et al.*, No. 5:15-cv-01239-HE; *Arnold, et al. v. Chesapeake Energy Corporation, et al.*, No. 5:15-cv-01327-HE. The Parties set forth their reasons for this motion in the accompanying brief in support.

## BRIEF IN SUPPORT OF JOINT MOTION TO STAY

### I.    INTRODUCTION

Plaintiffs in the above-captioned actions, and Defendants Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., and Chesapeake Energy Marketing, Inc.[1] (collectively, the "Chesapeake Defendants," and with Plaintiffs, the "Parties") respectfully move this Court to stay the above-captioned cases pending resolution of the Pennsylvania Attorney General's purported *parens patriae* action captioned *Commonwealth of Pennsylvania v. Chesapeake Energy Corporation, et al.*, Case No. 2015IR0069, which is currently pending before the Pennsylvania Court of Common Pleas in Bradford County.  The Parties respectfully request that the Court stay these actions pending resolution of the Pennsylvania Attorney General action, without prejudice to any party's right to move to renew these actions upon conclusion of that action.

As described below, the Pennsylvania Attorney General purports to bring a claim on behalf of a broad class of Pennsylvania lessors, which would include all Plaintiffs in these actions and is allegedly brought based on similar facts.  The Pennsylvania Attorney General has made clear that it sees its own action as taking precedence over civil claims filed by private plaintiffs, and that it will object to any civil settlement involving overlapping parties and claims, which may affect claims presented in this case.  Given the inherent inefficiencies that arise with piecemeal litigation and the position that the Attorney General has taken in other pending Pennsylvania royalty litigation, the Parties

---

[1] While Chesapeake Energy Marketing, Inc. is now known as Chesapeake Energy Marketing, L.L.C., for ease of reference it will be referred to as Chesapeake Energy Marketing, Inc. or CEMI herein.

respectfully request that the present action be stayed pending resolution of the Attorney General's case.

## II.    BACKGROUND

On June 8, 2015, Plaintiffs filed these four substantially identical actions in Dallas County District Court, alleging breach of contract and fraud claims that arise out of their Pennsylvania leases, against the Chesapeake Defendants and other corporations who are not a party to their leases.  The Chesapeake Defendants filed an Answer to Plaintiffs' Petition in state court and then immediately removed this case to the District Court for the Northern District of Texas pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction.  In September, all four cases were transferred to the District Court for the Western District of Oklahoma.  Since the time of filing, Plaintiffs have dismissed all other Defendants from this action.  Although Plaintiffs have served their first set of discovery requests and Defendants have responded, no depositions have been taken, and the deadline for the close of discovery is over six months away.

On December 9, 2015, the Pennsylvania Attorney General brought a purported *parens patriae* action against various Chesapeake entities, including the Chesapeake Defendants, and Williams Partners, L.P. (formerly Access Midstream Partners L.P. ("Access")) in the Pennsylvania Court of Common Pleas in Bradford County.  After the defendants filed preliminary objections, the Attorney General filed an amended complaint against the Chesapeake entities, Anadarko Petroleum Corporation, and Anadarko E&P Onshore, LLC.  On May 3, 2016, the Attorney General filed a Second Amended Complaint.  *See* Exhibit 1.

In its Second Amended Complaint, the Attorney General purports to bring claims on behalf of "any Pennsylvania landowner leasing oil and gas rights to an exploration and production for the extraction of oil, Dry Gas and Natural Gas Liquids from any Natural Gas Play." Exhibit 1 ¶ 38. The Attorney General's action therefore purports to include the Plaintiffs in these actions. Among the many claims asserted in the Attorney General's complaint are claims brought on behalf of Pennsylvania landowners alleging that defendants "wrongfully deducted" from royalty checks and underpaid royalties and thus violated the Unfair Trade Practices and Consumer Protection Law of Pennsylvania. *See id.* at ¶¶ 1, 4, 5, 124, 127. These claims relate to similar purported facts alleged in the petitions in these actions. The Attorney General also seeks restitution for Plaintiffs. *See id*. at Prayer for Relief, ¶ C.

Separately, the Attorney General filed an objection to the pending settlement in *Demchak Partners Limited Partnership v. Chesapeake Appalachia, L.L.C.* No. 3:13-cv-02289-MEM (M.D. Pa.), D.E. 113 (attached hereto as Exhibit 2). The *Demchak* litigation involved similar facts, issues, and parties as these actions and the Attorney General's action. The Attorney General has made clear, through its objection, that it believes its *parens patriae* power trumps that of private civil litigants, and that accordingly, no private civil litigation regarding these issues may be settled while the Attorney General's matter is pending. *See* Ex. 2 at 10-11.

## II.    ARGUMENT

This Court has the ability and discretion to issue a stay in this case. The Court has an inherent authority to manage its docket, and a decision to stay a case is squarely within

the Court's discretion and authority. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *USW v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (stating that "the fact that the District Court has jurisdiction does not necessitate a possible waste of judicial resources"); *Private Medical Care Foundation, Inc. v. Califano*, 451 F. Supp. 450, 453 (W.D. Okla. 1977 (staying case "in the interest of judicial comity and economy").

The Court should exercise that discretion here.  Granting a stay pending resolution of the Attorney General's action has a number of practical benefits, and enables the parties to return to this Court, if necessary, to address any lingering issues unresolved by that litigation.  Discovery in these two actions would cover the same facts and issues, and result in duplicative discovery and pre-trial processes in two different proceedings. Allowing these cases to proceed simultaneously in this Court while the Pennsylvania AG action also proceeds in Pennsylvania may lead to inconsistent rulings in different jurisdictions.

Conversely, staying the present action would allow the Plaintiffs to preserve their ability to return to court, if needed, after the conclusion of the Attorney General's case, without the thorny practical problems attendant to concurrent litigation.  At the same time, the outcome of the Attorney General's action may, at a minimum, narrow the issues presented by the Plaintiffs' petitions.

In addition to the practical benefits associated with avoiding piecemeal litigation, a motion to stay is particularly warranted here given that the Attorney General has made clear that it will object to and attempt to prevent any civil settlement in private litigation brought by Pennsylvania landowners addressing the same facts and issues. By objecting to the pending *Demchak* settlement, the Attorney General has potentially scuttled a preliminarily-approved civil settlement that would have resolved the claims of thousands of Pennsylvania lessors. Clearly, staying the present action while the Pennsylvania Attorney General's case is pending promotes judicial economy, and avoids waste of judicial resources and the risks attendant to piecemeal litigation. In this case, staying the action is prudent given the practical impossibility of settlement due to the Pennsylvania Attorney General's position on private civil litigation.

## III.     CONCLUSION

For all of the foregoing reasons, and in the interest of wise judicial administration and economy, the Parties respectfully request that the Court stay these actions pending resolution of the Attorney General's action in the Court of Common Pleas, Bradford County, Pennsylvania.

Dated:  September 16, 2016.

Respectfully submitted:


*"/s/ Tim J. Bomhoff*
Tim J. Bomhoff, OBA 13172
tim.bomhoff@mcafeetaft.com
MCAFFEE TAFT PC
Two Leadership Floor, 10th Floor
211 N. Robinson
Oklahoma City, OK 73102
Tel: 405-234-9621
Fax: 405-235-0439

Seamus C. Duffy (*admitted pro hac vice*)
Seamus.duffy@dbr.com
William M. Connolly (*admitted pro hac vice*)
william.connolly@dbr.com
DRINKER BIDDLE & REATH, LLP
One Logan Square
Philadelphia, PA 19103
Tel: 215-988-2700
Fax: 215-988-2757


*Attorneys for Defendants Chesapeake Energy Corporation, Chesapeake Operating, L.L.C., and Chesapeake Energy Marketing, Inc.*

*"/s/ Denis P. Rischard*
(signed by filing attorney with permission)
Denis P. Rischard
Western District of Oklahoma Bar No.
11976
drischard@rischardlaw.com
Rischard & Carsey, PLLC
100 Park Avenue, suite 700
Oklahoma City, Oklahoma 73102
(405) 471-4871 telephone
(405) 231-2830 facsimile

Dan McDonald
dan@mcdonaldlawfirm.com
Preston J. Dugas III
preston@mcdonaldlawfirm.com
McDonald Law Firm
One Museum Place
3100 W. 7th Street, Suite 230
Fort Worth, TX 76107
Tel: 817-717-5081
Fax: 817-717-5082

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served

on all counsel of record via the electronic filing system on September 16, 2016.


*/s/ Tim J. Bomhoff*
Tim J. Bomhoff